IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LUTHER RAYMOND ALSPA,

Plaintiff,

3:13-cv-00413-PK

OPINION AND ORDER

WASHINGTON COUNTY JUVENILE HALL,

Defendant.

MOSMAN, J.,

Plaintiff Luther Raymond Alspa, appearing *pro se*, filed this action against the Washington County Juvenile Hall. Alspa's complaint appears to relate to the removal of five children from their mother's custody. For the reasons set forth below, this action is dismissed with prejudice.

**BACKGROUND**

Alspa filed his complaint in this action on March 4, 2013. He alleged that "five children were involuntarily taken from their natural mother," and he seeks relief on behalf of the children

and their mother. On April 3, 2013, this court allowed Alspa to proceed *in forma pauperis*, but also ordered him to show cause why this case should not be dismissed pursuant to FRCP 28 U.S.C. § 1915(d)(2) for failure to state a claim. In particular, Alspa was ordered to identify 1) the species of his claim; 2) the identities of the children named in the complaint and his relationship to them; and 3) the basis and authority under which he should be allowed to proceed as plaintiff in this case.

On May 1, 2013, Alspa wrote a letter to the court which I construe as his response to this court's order to show cause.[1] (*Alspa v. Washington County Juvenile Hall*, Case No. 3:13-cv-00496-PK (#9).) He defines the "specifics of this claim" as follows:

> [T]he Constitutional Rights of the children held in "involuntary Servitude" before the Thirteenth Amendment, and violating the Civil Rights of the children according to the Fourteenth Amendment, and the Civil Rights of the natural mother to ascertain the religion she will provide to the children. Impacting the children's First Amendment [right] to worship with their mother's council at their heart.

(Id. at p. 2.) Alspa adds, "I will enter on the Eleventh Amendment and proceed to the Thirteenth; then to the Fourteenth and entertain the First Amendment and the Sixth and balm this crucified woman." (Id. at p. 3.) Finally, Alspa explains "I stand in Intervention for five children," and "I am merely the prognastator of this alliance between mother and child." (Id. at p. 4.) Alspa is not related to the children or their mother.

## LEGAL STANDARD

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.

---

[1] Alspa has two cases pending involving the same nucleus of facts against the same defendant. His May 1, 2013 letter appears only on the docket of *Alspa v. Washington County Juvenile Hall*, Case No. 3:13-cv-00496-PK, but it pertains equally to this case.

12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has been long held that a judge can dismiss *sua sponte* for lack of jurisdiction"). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardia Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]tanding is an aspect of subject matter jurisdiction." *Fleck and Assocs., Inc. v. City of Phoenix*, 471 F.3d 110, 1107 n. 4 (9th Cir. 2006).

"[F]ederal courts liberally construe the 'inartful pleading' of *pro se* litigants." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *see also Karin-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988). That is, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**DISCUSSION**

The general *pro se* provision set forth in 28 U.S.C. § 1654 allows Alspa to prosecute his own claims, but he is not allowed to brings claims on behalf of the five children and mother he references in his complaint. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Because Alspa cannot present claims on behalf of the five children and their mother, and because Alspa does not assert a claim of his own, he lacks standing to pursue this matter.

A *pro se* litigant is generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the deficiencies cannot be cured by amendment. *See Karin-Panahi*, 839 F.2d at 623-24.. Here, dismissal with prejudice and without leave to amend is appropriate

because the lack of standing and subject matter jurisdiction is incurable. *See Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1136 (9th Cir. 2002).

**CONCLUSION**

For the foregoing reasons, this case is dismissed with prejudice for lack of subject matter jurisdiction.

Dated this 9th day of May 2013.

MICHAEL W. MOSMAN
United States District Judge